# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ELI BUTLER, JR.,

    Petitioner,

vs.                                           Case No. 4:12cv448-MP/CAS

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On August 27, 2012, Petitioner Eli Butler, Jr., proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner has also filed a motion to proceed in forma pauperis (IFP). Docs. 2 and 6. The IFP motion will be granted by separate order.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. See Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show that the petition is

untimely and successive, and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **Background and Procedural History**

As this Court indicated in an earlier show cause order, Doc. 4, Petitioner states on his § 2254 petition that he was sentenced on September 27, 1996, in the Third Judicial Circuit, Madison County, Florida, Doc. 1. Petitioner indicates he appealed his judgment and sentence to the First District Court of Appeal (DCA), which per curiam affirmed the case on April 11, 2012. Doc. 1 at 2. Petitioner indicates he filed a motion for rehearing, which the First DCA denied on April 26, 2012. *Id.*

Petitioner also indicates he filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800 on October 26, 2011, in the Third Judicial Circuit, which that court denied. *Id.* at 2-3. Petitioner indicates he did not appeal this order. *Id.* at 3.

Petitioner's representation that his direct appeal from his conviction was per curiam affirmed by the First DCA on April 11, 2012, appears incorrect. A review of the online docket for the First DCA indicates that court did issue a per curiam affirmance in an appeal by Petitioner; however, it was an appeal from the denial of a Rule 3.800 motion. *See* online docket for 1D11-6565 at www.1dca.org. Petitioner filed a motion for rehearing, which the First DCA denied on May 24, 2012, and the mandate issued June 11, 2012. *See id.*; *see also* Butler v. State, 93 So. 3d 1015 (Fla. 1st DCA 2012) (table). Further review of the online docket reveals that the First DCA issued a per curiam

affirmance in Petitioner's direct appeal from his conviction on December 3, 1997, and issued the mandate on December 19, 1997. *See* online docket for 1D96-3687; *see also* Butler v. State, 703 So. 2d 479 (Fla. 1st DCA 1997) (table).

In addition, a search of this Court's docket reveals that Petitioner has previously filed a § 2254 petition challenging the same conviction he challenges in the instant petition. *See* Butler v. State of Fla., 4:08cv378-RH/GRJ, Docs. 1, 5. That earlier § 2254 petition was dismissed as untimely. *See id.* Doc. 11 (Report and Recommendation to dismiss § 2254 petition as untimely), Doc. 14 (Order adopting report and recommendation, and dismissing § 2254 petition). As indicated in the Report and Recommendation in case number 4:08cv378-RH/GRJ, Petitioner's conviction became final on March 3, 1998, when the ninety-day time period for seeking certiorari review in the U.S. Supreme Court expired following the First DCA's affirmance of his direct appeal on December 3, 1997. *See* Butler v. State of Fla., 4:08cv378-RH/GRJ, Docs. 11 at 2; 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13. As also indicated in the Report and Recommendation in case number 4:08cv378-RH/GRJ, by the time Petitioner filed his § 2254 in that case, his one-year AEDPA limitations period had expired. *See* Butler v. State of Fla., 4:08cv378-RH/GRJ, Docs. 11 at 2-3. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis); *see also, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year

period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

      Because it thus appeared this § 2254 petition is untimely and successive, the Court directed Petitioner to show cause, if any there be, why his petition should not be summarily dismissed. Doc. 4. In response, Petitioner has filed a document containing a series of statements. Doc. 5. Petitioner cites Florida Rule of Criminal Procedure 3.800(a) and asserts he is invoking "the manifest injustice doctrine for successive motion on the same issue set forth by the Florida Supreme Court in State v. McBride, 848 So. 2d 287 (Fla. 2003)." Doc. 5 at 1. Petitioner states, "The successive review of a Rule 3.800(a) proceeding will be allowed under McBride, *supra*, when an attempted first degree murder sentence was enhanced from a first degree felony to a life felony and the record didn't refute the illegal sentence claim." *Id.* Petitioner asserts he is entitled to habeas corpus relief because the order denying his motion to correct illegal sentence is "patently erroneous and results in a manifest injustice." *Id.* at 2. Petitioner also cites Florida statutes and asserts a "violation of due process clause 14th Amendment where the trial court error in depart from guideline sentence on attempted first degree murder." *Id.* Petitioner asks that he be resentenced under the applicable guideline and be allowed a downward departure and "to expel the life sentences from this case." *Id.*

## Analysis

Petitioner has failed to show a jurisdictional basis for the instant habeas action. Petitioner challenges his confinement pursuant to the same state court judgment that he challenged in his prior § 2254 petition. The dismissal of the prior § 2254 petition as time-barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C.] § 2244(b)." Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005). *See* McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (citing Murray and holding that dismissal as untimely constitutes merits disposition and renders later petition second or successive); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (explaining prior untimely petition "counts" to render subsequent petition successive: "[A] statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). *Cf.* Jordan v. Sec'y Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (not discussing the issue but noting that the first petition was denied with prejudice as untimely, and authorization for filing the second or successive petition had been granted). Thus, the instant petition is "second or successive," for purposes of section 2244(b)(3)(A).

This Court cannot consider a second or successive § 2254 petition unless the Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of

Appeals authorizing him to file second petition). Therefore, this § 2254 petition should be dismissed.

## Conclusion

For the reasons stated above, this § 2254 petition is an unauthorized second or successive petition. Therefore, this Court does not have jurisdiction to consider it and it should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate

should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus (Doc. 1) be **SUMMARILY DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 7, 2012.


                                                s/ Charles A. Stampelos
                                                **CHARLES A. STAMPELOS**
                                                **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**